FILED
JUL 17 2014

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| CODY RAY CASKEY, | \* | CIV. 14-4010 |
| Plaintiff, | \* | |
| vs. | \* | |
| SOUTH DAKOTA STATE PENITENTIARY; SOUTH DAKOTA DEPARTMENT OF HEALTH; DR. EUGENE REGIER; and RYAN MANSON, CNP, | \* | REPORT AND RECOMMENDATION |
| Defendants. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Pending is the joint motion of the defendants to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.[1]

## BACKGROUND

Cody Ray Caskey is a prisoner at the South Dakota State Penitentiary who filed his pro se complaint against the defendants on a form provided by the penitentiary in which he claims his Eighth Amendment constitutional right to medical treatment and his Fourteenth Amendment constitutional right to equal protection have been violated.[2] Caskey's claims are made under 42 U.S.C. § 1983 which provides a remedy against every person who under color of law of any state deprives a citizen of privileges or immunities secured by the Constitution. After first dismissing the complaint without prejudice for Caskey's failure to pay the required portion of the filing fee, an

---

[1] Doc. 13.

[2] Doc. 1.

Order was later filed directing service of the summons and complaint after Caskey paid the required portion of the filing fee and the complaint was screened.[3]

Caskey's claim under the Eighth Amendment survived screening because he alleged he was scheduled to undergo spinal surgery before his arrest, but after his incarceration the defendants deliberately ignored physician's orders to schedule appropriate treatment.[4] Caskey's claim under the Fourteenth Amendment survived screening because he alleged Dr. Regier's decisions were based on Caskey's sexual orientation.[5]

The defense has now moved to dismiss Caskey's complaint as a matter of law under Rule 12(b)(6) because:

- neither the State nor its agencies are persons who can be successfully sued for damages or injunctive relief under 42 U.S.C. § 1983 so that the defendants South Dakota State Penitentiary and South Dakota Department of Health should be dismissed. See *Mills v Iowa Bd. of Regents*, 770 R.Supp. 2d 986, 992 (S.D. Iowa 2011).

- the Eleventh Amendment bars a lawsuit for injunctive relief or money damages unless the State has consented to being sued. See *Alabama v. Pugh*, 438 U.S. 781, 782 (1978).

- the claims against defendants Regier and Manson are construed as claims against them in their official capacities and damages cannot be recovered against State officials in their official capacities under 42 U.S.C. § 1983. See *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); and *Lewchuk v. Weber*, 2006 WL 618928 (D.S.D. Mar 10, 2006).

---

[3]Docs. 7, 8, and 9.

[4]Doc. 9, pp. 5-6.

[5]Doc. 9, p. 7.

- the claim against defendant Manson for injunctive relief fails to allege his personal involvement and there cannot be a remedy against him without personal unconstitutional conduct by him. See *Ouzts v. Cummins*, 825 F.2d 1276 (8th Cir. 1987).

- the claim against defendant Regier for injunctive relief is for specific medical treatment and a remedy for specific medical relief is not available under 42 U.S.C. § 1983 against a prison physician. See *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).

## FACTS

The facts are as stated in the Order Directing Service (Doc. 9):

Caskey claims that defendants acted with deliberate indifference toward a serious medical need, thus violating the Eighth Amendment's prohibition on cruel and unusual punishment. Docket 1 at 4. Furthermore, Caskey alleges that defendants discriminated against him based on his sexual orientation, thus violating his rights under the equal protection clause of the Fourteenth Amendment. *Id.* at 5. To remedy these alleged constitutional violations, Caskey requests access to pain management, surgery, and medical showers. *Id.* at 7. Caskey also requests compensatory damages, fair and just treatment from the SDSP medical staff, and limited recreation recommendations from health care providers. *Id.*

## DISCUSSION

### 1. Standard.

The standard for review is as stated in the Order Directing Service (Doc. 9):

The court may dismiss a complaint for failure to state a claim when the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a complaint for failure to state a claim, "[t]he court must presume that the factual allegations in the complaint are true and accord all reasonable inferences from those facts to the [pleader]." *Valiant-Bey v. Morris*, 829 F.2d 1441, 1443 (8th Cir. 1987) (citing *Holloway v. Lockhart*, 792 F.2d 760, 762 (8th Cir. 1986)). Pro se complaints, "'however inartfully pleaded,' [are] held to 'less stringent standards than formal pleadings drafted by lawyers.' " *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); see also *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995) (noting that "civil rights pleadings should be construed liberally"). Nonetheless, a pro se complaint must comply with the minimal

requirements set forth in the Federal Rules of Civil Procedure, which specifically require pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a pro se complaint need not contain detailed factual allegations, it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Simply stated, a pro se complaint must "allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The court is not required to "supply additional facts, nor will [it] construct a legal theory that assumes facts that have not been pleaded." Id. (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)). If the complaint does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985).

### 2.  Defendants South Dakota State Penitentiary and South Dakota Department of Health.

Judicial notice is taken that the South Dakota State Penitentiary and the South Dakota Department of Health are arms of the State of South Dakota. "The state penitentiary is the general prison of this state for the punishment and reformation of offenders to which such offenders as may be committed according to law, by any court of this state, shall be confined, employed, and governed in the manner provided by law." SDCL 24-1-1. "For purposes of achieving reorganization under the terms of the S.D. Const., Art, IV, § 8, the following principal departments are established: . . . . (8) Department of Health; . . . . SDCL 1-32-2(8).

42 U.S.C. § 1983 does not provide a remedy against a State because a State is not a person within the meaning of § 1983.[6] Likewise state agencies are not persons for purposes of § 1983.[7]

Accepting all of Caskey's allegations as true his complaint against the defendants South Dakota State Penitentiary and South Dakota Department of Health fails to state a claim upon which

---

[6]*Will v. Michigan Dept. Of State Police*, 491 U.S. 58, 64; 109 S.Ct. 2304, 2308 (1989).

[7]*Mills v. Iowa Bd. of Regents*, 770 F.Supp.2d 986, 992 (S.D. Iowa 2011) (citing *Will v. Michigan Dept. Of State Police*, 491 U.S. 58, 64; 109 S.Ct. 2304, 2308 (1989).

relief can be granted because each is an agency, arm or department of the State of South Dakota and is not a person who can be successfully sued under § 1983.

The Eleventh Amendment also protects the South Dakota State Penetentiary and the South Department of Health from Caskey's claims.

> § 1983 damage claims against the seven individual defendants acting in their official capacities are likewise barred, either by the Eleventh Amendment or because in these capacities they are not "persons" for § 1983 purposes. See *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).[8]

The seven individual defendants to which the opinion refers in this quotation are state officials. *Id.* at 753. The discussion sections which follow will address Caskey's claims against individual defendants Manson and Regier. The remainder of the quotation from *Murphy v. State of Ark.* will be found there and is important because prospective equitable relief under the equal protection clause is available to state officials acting in their official capacities even though damages may not be recovered from them for conduct in their official capacities.

3. **The Claims against Manson and Regier.**

A. **Damages.**

Caskey asserted in his complaint that Manson and Regier are employed at the South Dakota State Penitentiary but did not indicate whether he is suing them in their official capacities or individual capacities or both. It is presumed state officials are sued in their official capacities unless it is expressly and unambiguously alleged in the complaint that they are being sued in their individual capacities.[9] Because Manson and Regier are sued in their official capacities damages

---

[8]*Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997).

[9]*Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).

5

cannot be recovered from them. State officials in their official capacities are not persons within the meaning of § 1983. State officials in their official capacities are the same as the public employer itself, i.e. the State itself.[10] Accepting all of Caskey's allegations as true, he cannot recover damages from the individual defendants Manson and Regier in their official capacities.

### B.  Prospective Equitable Relief.

Caskey's complaint is construed as requesting prospective equitable relief although he doesn't use the word "injunction" or an equivalent. Among other matters in the "Request For Relief" section of his complaint, Caskey asserts he wants "surgery that Neurologist recommended," "fair and just treatment from medical staff requiring that they treat HIV equal to cancer or other serious/fatal diseases [and] medical showers . . . and limited recreation recommendations from providers." In other words, Caskey is asking for prospective equitable relief from medical staff, i.e. Manson and Regier.

> However, [Caskey's] § 1983 equal protection claims also seek equitable relief such as reinstatement as a state employee. State officials acting in their official capacities are § 1983 "persons" when sued for prospective relief, and the Eleventh Amendment does not bar such relief. See *Treleven v. University of Minn.*, 73 F.3d 816, 819 (8th Cir.1996). Thus, the district court should have reinstated only [Caskey's] § 1983 equal protection claims for prospective relief against the individual defendants acting in their official capacities.[11]

Manson argues Caskey has failed to allege specific unconstitutional conduct by Manson. Regier argues as a medical doctor he "remains free to exercise his or her independent professional judgment and an inmate is not entitled to any particular course of treatment" and "nothing in the Eighth

---

[10] *Id.*

[11] *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997) (Caskey's name substituted in brackets).

Amendment prevents prison doctors from exercising their independent medical judgment."[12] Caskey's Count I claim survived screening as an Eighth Amendment claim for deliberate indifference to a serious medical condition for which treatment is required but for which treatment has not been provided even though defendants Manson and Regire are aware of the condition and the need for treatment. Caskey's Count II claim survived screening as a Fourteenth Amendment equal protection claim based on Caskey's sexual orientation. Giving Caskey the benefit of the doubt as must be done when considering a Rule 12(b)(6) motion to dismiss and accepting as true Caskey's Eighth Amendment allegations about the need for surgery or other appropriate treatment and Caskey's implicit allegations under the Fourteenth Amendment equal protection clause that he needs medical showers and limited recreation recommendations from medical staff, Caskey's claim for prospective relief to include appropriate treatment for his spinal condition, medical showers and limited recreation recommendations survive the Rule 12(b)(6) challenge of Manson and Regier in their official capacities.

## CONCLUSION and RECOMMENDATION

It is respectfully RECOMMENDED that Defendants' Motion to Dismiss (Doc. 13) should be GRANTED in part and DENIED in part.

The motion to dismiss under Rule 12(b)(6) should be GRANTED with prejudice to dismiss the South Dakota State Penitentiary and the South Dakota Department of Health for failure to state a claim upon which relief can be granted. These defendants are not persons who can be successfully sued under 42 U.S.C. § 1983. These defendants are also protected by the Eleventh Amendment which prohibits suit against a State unless it has consented to be sued.

---

[12] Doc. 13-1, p. 7.

Defendants Manson and Regier's Rule 12(b)(6) Motion to Dismiss (Doc. 13) Caskey's claim under the Eighth Amendment against them for damages in their official capacities should be GRANTED without prejudice so that Caskey has the option to amend his complaint to allege claims against Manson and Regier in their individual capacities.

Defendants Manson and Regier's Rule 12(b)(6) Motion to Dismiss (Doc. 13) Caskey's claim against them in their official capacities for prospective relief under the Eighth Amendment for "surgery that Neurologist recommended," and under the Fourteenth Amendment equal protection clause to provide him medical showers and limited recreation recommendations should be DENIED.

### NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court. *Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990); *Nash v. Black*, 781 F.2d 665 (8th Cir. 1986).

Dated July 17, 2014.

BY THE COURT:

John E. Simko
United States Magistrate Judge

8