UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CODY RAY CASKEY,<br><br>    Plaintiff,<br><br>  vs.<br><br>SOUTH DAKOTA STATE PENITENTIARY,<br>SOUTH DAKOTA DEPARTMENT OF HEALTH,<br>DR. EUGENE REGIER, and<br>RYAN MANSON, CNP;<br><br>    Defendants. | 4:14-CV-04010-KES<br><br><br><br>ORDER GRANTING MOTION<br>TO AMEND COMPLAINT |

    Cody Ray Caskey requests leave to amend his complaint to add claims against defendants Dr. Eugene Regier and Ryan Manson in their individual capacities; Darin Young in his individual and official capacities; Jessica Stevens, Jared Hanson, Heather Bowers, and unknown Jane and John Does in their individual and official capacities; and Dennis Lawsing in his individual and official capacity. Docket 18. Defendants have not responded to the motion, and the time for response has passed.

    A motion for leave to amend is committed to the sound discretion of the district court. *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998) (citations omitted). "A party may amend its pleading once as a matter of course within . . . 21 days after serving it." Fed. R. Civ. P. 15(a)(1)(A). "In all other

cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although Federal Rule of Civil Procedure 15(a) dictates that "[t]he court should freely give leave when justice so requires," the court may deny such requests for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

    Here, more than 21 days passed between the date on which defendants were served with this action and the date on which Caskey filed the pending motion to amend. The court is therefore not bound by the Federal Rules of Civil Procedure to grant Caskey's motion to amend the complaint. Nonetheless, because the court can identify no reason that would justify denying Caskey's request, the court grants Caskey leave to amend his complaint to add the parties and claims as identified in his motion to amend the complaint. Caskey should file an amended complaint that identifies all the individual defendants in the caption together with a description of whether the individuals are being sued in their individual or official capacity, or both, and a description of the claims against each defendant in the body of the amended complaint. If Caskey did not intend to name the entities such as the South Dakota Penitentiary or the South Dakota Department of Health as defendants, they should not be listed in the caption. Caskey's amended complaint should be filed by November 7, 2014.

Also pending is defendants South Dakota State Penitentiary, South Dakota Department of Health, Dr. Eugene Regier and Ryan Manson's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). A motion to amend a complaint renders moot a motion to dismiss the original complaint. *Pure Country, Inc., v. Sigma Chi Fraternity,* 312 F.3d 952, 956 (8th Cir.2002). As a result, the court does not adopt Magistrate Judge Simko's report and recommendation on the motion to dismiss, and the motion to dismiss is denied. It is

ORDERED that Caskey's motion to amend his complaint (Docket 18) is granted. **Caskey must file his amended complaint by November 7, 2014**.

IT IS FURTHER ORDERED that defendants' motion to dismiss (Docket 13) is denied.

IT IS FURTHER ORDERED that the report and recommendation (Docket 16) is not adopted.

Dated October 8, 2014.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE