**FILED**

**DEC 1 0 2014**

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CODY RAY CASKEY, | 4:14-CV-04010-KES |
| Plaintiff, | |
| vs. | ORDER ON MOTIONS (FOR SERVICE BY PUBLICATION, DOCKET # 28) FOR APPOINTMENT OF COUNSEL, DOCKET # 31) |
| DR. EUGENE REGIER, IN HIS INDIVIDUAL CAPACITY; RYAN MANSON, CNP, IN HIS INDIVIDUAL CAPACITY; DARIN YOUNG, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES; JUSTIN ELKINS, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES; KAYLA THEILAN, IN HER INDIVIDUAL AND OFFICIAL CAPACITIES; JANE DOES, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES; JOHN DOES, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES; AND DENNIS LAWSING, FORMER CAPTAIN FOR D.O.C., INDIVIDUAL AND OFFICIAL CAPACITY; | |
| Defendants. | |

**INTRODUCTION**

Plaintiff, Cody Ray Caskey, is an inmate at the South Dakota State Penitentiary ("SDSP") in Sioux Falls, South Dakota. He has filed a civil rights lawsuit pursuant to 42 U.S.C. § 1983. Liberally construed, Caskey has alleged the defendants have violated his civil rights in various ways, including failure to provide medical care and failure to protect him against assault by a prison

guard, both in violation of the Eighth Amendment prohibition against cruel and unusual punishment.

On October 8, 2014, Judge Schreier entered an Order allowing Caskey to amend his complaint. Docket 21. On July 31, September 12, and October 20, 2014, Caskey filed his Amended Complaint (Docket 18, 19 and 22)[1] and on November 17, 2014, the defendants filed their Answer to the Amended Complaint. Docket 27. Caskey, however, has not been able to serve proposed defendant "Dennis Lawsing" because that person is no longer employed by the SDSP. *See* Docket 28. Caskey now seeks to have "Dennis Lawsing"[2] served by publication (Docket 28) and he requests appointment of counsel to represent him in this matter (Docket 31). The defendants have filed a response (Docket 32) to Caskey's motion for service by publication.

## DISCUSSION

### A. Motion for Service By Publication (Docket 28)

Fed. R. Civ. P. 4(e)(1) provides that service of a summons may be made "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located . .[.]" South Dakota law allows for service by publication when the defendant cannot be found in South Dakota. *See* SDCL § 15-9-7. That statute also requires,

---

[1] Caskey also filed a supplement on June 2, 2014, (Docket 14) before Judge Schreier entered her Order

[2] Based upon previous prisoner lawsuits, the court believes the proper spelling for the former captain described in Caskey's Complaint may be "Dennis Lauseng."

2

however, that the Plaintiff show by affidavit "due diligence" in attempting to find the Defendant within the state. *Id.*

Defendants urge the court to deny Caskey's motion for service by publication because they assert he has not shown due diligence by affidavit or otherwise. The explanation Caskey provides regarding his efforts to serve Lawsing is that his summons was returned unserved and Lawsing is no longer employed at SDSP. Docket 28. Because Caskey is incarcerated and is proceeding *in forma pauperis* the usual methods for due diligence in determining Lawsing's whereabouts (a private process server, or the internet, for example) are not at Caskey's disposal.

Lawsing is a former employee of the SDSP. The human resources or litigation departments at the SDSP can be of assistance in ascertaining his current whereabouts. The protocol outlined in *Morris v. Barr*, 2011 WL 3859711 (S.D. Cal. Aug. 31, 2011) should be followed. In that case, the court ordered the prison to work directly with the Marshals Service to provide it with a confidential memorandum containing the address of the prison's former employee so the former employee could be served with the prisoner's lawsuit.

### B. Motion for Appointment of Counsel (Docket 31)

"Indigent civil litigants do not have a constitutional or statutory right to appointed counsel." *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) (citation omitted). "Rather, when an indigent prisoner has pleaded a nonfrivolous cause of action, a court '*may*' appoint counsel. *See* 28 U.S.C. § 1915(e)." *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (citations

3

omitted, emphasis in original). The factors relevant to evaluating a request for appointment of counsel include "whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *Davis*, 94 F.3d at 447. This case is not factually complex. Caskey alleges violations of the Eighth Amendment because he claims he has not received adequate medical treatment and that was assaulted by a prison employee. This case is not legally complex. The law regarding Caskey's Eighth Amendment claim is well-settled and requires that Caskey "prove that he suffered from one or more objectively serious medical needs, and that prison officials actually knew of but deliberately disregarded those needs." *Roberson v. Bradshaw,* 198 F.3d 645, 647 (8th Cir. 1999). A serious medical need is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Camberos v. Branstad,* 73 F.3d 174, 176 (8th Cir. 1995) (quotation marks and citation omitted). The law further provides that "[d]eliberate indifference may be demonstrated by prison guards who intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs. Mere negligence or medical malpractice, however, are insufficient to rise to a constitutional violation." *Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997) (citing *Estelle v. Gamble,* 429 U.S. 97, 104-06 (1976)). Further, regarding Caskey's assault claim, "An Eighth Amendment

4

claim for failure to protect is comprised of two elements. First, an inmate must show that [he] is incarcerated under conditions posing a substantial risk of serious harm. Second, the inmate must establish that the defendant prison official recklessly disregarded that risk." *Riley v. Olk-Long*, 282 F.3d 592, 595 (8th Cir. 2002) (citations omitted, punctuation altered).

Like all individuals untrained in the law, Caskey may benefit from the assistance of counsel, but the court does not find it necessary to appoint counsel in this matter at this time. The court would not benefit from the assistance of counsel at this point in the proceedings. Caskey, although incarcerated, is able to investigate the facts of his claim. It is not clear at the present time whether there will be conflicting testimony in this case. The legal issues involved do not appear to be complex at this point in the proceedings. Caskey's motion for counsel will be denied without prejudice.

## CONCLUSION and ORDER

Based on the foregoing, IT IS ORDERED:

(1) Caskey's Motion for Service by Publication (Docket 28) is DENIED. Counsel for the defendants, however, shall contact the human resources and/or litigation department for the SDSP and shall, on or before December 22, 2014, provide the USMS with a confidential memorandum containing: the proper spelling for former DOC employee, Capt. Dennis Lawsing's name and his last known address;

5

(2) Upon receipt of the information described in Paragraph (1) the USMS shall serve the summons and Caskey's Complaint (Docket 1) and Amended Complaint (Docket 14, 18, 19, and 22) upon Dennis Lawsing.

(3) Caskey's Motion for Appointment of Counsel (Docket 31) is DENIED without prejudice.

DATED this 10th day of December, 2014.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge