UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CODY RAY CASKEY,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>SOUTH DAKOTA STATE PENITENTIARY, SOUTH DAKOTA DEPARTMENT OF HEALTH, DR. EUGENE REGIER, IN HIS INDIVIDUAL CAPACITY; RYAN MANSON, CNP, IN HIS INDIVIDUAL CAPACITY; DARIN YOUNG, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES; JUSTIN ELKINS, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES; KAYLA THEILAN, IN HER INDIVIDUAL AND OFFICIAL CAPACITIES; JANE DOES, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES; JOHN DOES, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES; AND DENNIS LAUSENG,<br><br>　　　　　Defendants. | 4:14-CV-04010-KES<br><br><br><br>ORDER GRANTING MOTION TO STAY DISCOVERY<br><br>[DOCKET NO. 46] |

　　This matter is before the court on plaintiff Cody Ray Caskey's *pro se* amended complaint pursuant to 42 U.S.C. § 1983. See Docket Nos. 1 & 22. Defendants have filed a motion seeking an order from the court staying discovery in this matter until such time as they are able to file a dispositive motion on the defense of qualified immunity. See Docket No. 46. Mr. Caskey has not responded to defendants' motion.

　　In order to show a *prima facie* case under 42 U.S.C. § 1983, Mr. Caskey must show (1) defendants acted under color or state law and (2) " 'the alleged

wrongful conduct deprived him of a constitutionally protected federal right.'" Zutz v. Nelson, 601 F.3d 842, 848 (8th Cir. 2010) (quoting Schmidt v. City of Bella Villa, 557 F.3d 564, 571 (8th Cir. 2009)).

Qualified immunity protects government officials from liability and from having to defend themselves in a civil suit if the conduct of the officials "does not violate clearly established statutory or constitutional rights." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is immunity from suit, not just a defense to liability at trial. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Therefore, the Supreme Court has "repeatedly stressed the importance of resolving immunity questions at the earliest possible stage in litigation." Hunter v. Bryant, 502 U.S. 224, 536 (1991).

To determine whether an official may partake of qualified immunity, two factors must be determined: (1) whether the facts that plaintiff has shown make out a violation of a constitutional right and (2) whether that constitutional right was "clearly established" at the time of the official's acts. Saucier v. Katz, 533 U.S. 194, 201 (2001). If the court finds that one of the two elements is not met, the court need not decide the other element, and the court may address the elements in any order it wishes "in light of the circumstances of the particular case at hand." Pearson v. Callahan, 555 U.S. 223, 236 (2009). Defendants are entitled to qualified immunity if the answer to either of the Saucier prongs is "no."

"Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments," and "protects 'all but the plainly

2

incompetent or those who knowingly violate the law.' " Stanton v. Sims, ___ U.S. ___, 134 S. Ct. 3, 5 (2013) (quoting Ashcroft v. al-Kidd, ___ U.S. ___, 131 S. Ct. 2074, 2085 (2011) (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986))). " 'We do not require a case directly on point' before concluding that the law is clearly established, 'but existing precedent must have placed the statutory or constitutional question beyond debate.' " Stanton, 134 S. Ct. at 5. " 'Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines.' " Ambrose v. Young, 474 F.3d 1070, 1077 (8th Cir. 2007) (quoting Hunter v. Bryant, 502 U.S. 224, 229 (1991)).

The Supreme Court has stated that "if the defendant does plead the [qualified] immunity defense, the district court should resolve that threshold question before permitting discovery." Crawford-El v. Britton, 523 U.S. 574, 598 (1998) (citing Harlow, 457 U.S. at 818). Only if the plaintiff's claims survive a dispositive motion on the issue of qualified immunity will the plaintiff "be entitled to some discovery." Id. Even then, the Court has pointed out that Fed. R. Civ. P. 26 "vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." Id. Such discretion includes the ability to establish limits on the number of depositions and interrogatories, to limit the length of depositions, to limit the number of requests to admit, to bar discovery on certain subjects, and to limit the time, place, and manner of discovery as well as its timing and sequence. Id.

Here, defendants have asserted the affirmative defense of qualified immunity. See Docket No. 27. Based on the above law, the court hereby

3

ORDERS that defendant's motion to stay [Docket No. 46] is granted. Defendants shall file their motion based on the qualified immunity defense as soon as possible, but no later than July 1, 2015. It is further

ORDERED that defendant shall provide immediately to Mr. Caskey any and all medical records, including kites regarding medical care, pertaining to himself during his period of incarceration with defendants. This order is intended to cover all medical records for Mr. Caskey for the period indicated, even if those records are in the custody of medical providers outside the South Dakota state penitentiary system. If necessary, Mr. Caskey shall sign a release allowing independent medical providers to disclose his medical records to defendant in order to effectuate this order.

DATED this 8th day of May, 2015.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge